UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DELVON TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 26-2015-SEM-DJQ |
| ) | |
| ) | |
| BART BEALS, ) | |
| ) | |
| Defendant. ) | |

MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Delvon Taylor, proceeding *pro se*, is a detainee who is detained at the Jerome Combs Detention Center ("Jerome Combs"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may

1

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Bart Beals, who was his criminal defense attorney, failed to notify Plaintiff that, during Defendant Beals' representation of Plaintiff, Defendant Beals was disqualified from the practice of law. Plaintiff asserts that Defendant Beals' actions have monetarily damaged him because Plaintiff was forced to retain a new attorney and to incur additional costs due to Defendant Beals' disbarment, and Defendant Beals' actions have interfered with Plaintiff's Due Process rights due to the delays in his criminal case.

Perhaps more importantly, Plaintiff complains that Defendant Beals failed to notify the proper officials at Jerome Combs that

Plaintiff's sister had died. As a result, Plaintiff claims that he was not permitted to attend his sister's funeral, and Plaintiff seeks monetary damages for the pain and suffering caused by not being allowed to attend his sister's funeral based upon Defendants' actions or inactions.

Plaintiff's Complaint fails to state a claim upon which relief can be granted for two reasons. *First,* this Court is a court of limited jurisdiction and only possess jurisdictional power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. Of America,* 511 U.S. 375, 377 (1994). Plaintiff seeks to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 by filing this case against Defendant Beals under 42 U.S.C. § 1983.

However, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a Constitutional right by a person acting "under color of state law." *West v. Atkins,* 487 U.S. 42, 49 (1988). In other words, a plaintiff may only maintain a claim under § 1983 a claim under § 1983 against "state actors." *Id.*

Plaintiff has not alleged that Defendant Beals was a state actor for purposes of his § 1983 claim against Defendant, nor could Plaintiff reasonably do so. Defense attorneys, whether privately

retained counsel or public defenders, are not "state actors" and, therefore, cannot be sued for damages under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

*Second*, Plaintiff seeks monetary damages in this case for his mental and emotional pain and suffering. However, Plaintiff's claim fails because he did not suffer a compensable injury. The PLRA provides, in relevant part: "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

Plaintiff has not alleged that he suffered a physical injury that entitles him to monetary damages, nor could he. Plaintiff simply bases his claim for monetary damages upon the mental and emotional pain and suffering that he experienced as a result of not attending his sister's funeral. That loss is not compensable under the PLRA, and therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Beals.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, and allowing Plaintiff to attempt to amend his complaint based upon the facts as alleged by him would be futile. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

2. Accordingly, this case is DISMISSED WITH PREJUDICE, and the Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff.

3. The Clerk of the Court is directed to add this case to the Court's "three-strikes list" as a possible strike under the Prison Litigation Reform Act. 28 U.S.C. 1915(g).

4. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.

5. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the

**Court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

    **7.**    **If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 23rd day of January, 2026

                                          s/ Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE